# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDRAE L. DOTSON,

        Plaintiff,

v.

MILWAUKEE POLICE DEPARTMENT DISTRICT 2, SGT. KALTENBRUN, AARON FRANTAL, P.O. VARGAS-RAMOS, P.O. KLARKOWSKI, and JOHN DOES,

        Defendants.

Case No. 18-CV-182-JPS

**ORDER**

**1.**     **Introduction**

Plaintiff Andrae L. Dotson ("Dotson"), proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (Docket #1). On February 14, 2018, Dotson filed two motions to amend/correct his complaint. (Docket #4 and #5). On April 11, 2018, Dotson filed another motion to amend/correct his complaint. (Docket #14). On April 20, 2018, he filed a motion to supplement his complaint. (Docket #15). Dotson has also filed a motion for leave to proceed without prepayment of the filing fee, (Docket #2), a motion for discovery, (Docket #7), and a motion for counsel, (Docket #13). This decision resolves Dotson's motions and screens his complaint.

This case is currently assigned to Magistrate Judge David E. Jones. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to District Judge J. P. Stadtmueller for the limited purpose of screening the complaint.

The case will be returned to Magistrate Jones for further proceedings after entry of this Order.

**2.      Motion to Proceed without Prepayment of the Filing Fee**

The Prison Litigation Reform Act applies to this case because Dotson was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a Court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the Court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id*.

On March 1, 2018, the Court ordered Dotson to pay an initial partial filing fee of $57.10. (Docket #11). Dotson paid that fee on March 12, 2018. Therefore, the Court will grant Dotson's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

**3.      Motions to Amend Complaint and Motion to Supplement Complaint**

Dotson has filed three different motions seeking to amend his complaint and a motion to supplement his complaint. With regard to his motions to amend, Dotson did not comply with the procedural rules in connection with amending a complaint. Federal Rule of Civil Procedure 15 and Civil Local Rule 15 (E.D. Wis.) require that the plaintiff file a motion seeking leave to amend his complaint and attach to the motion the proposed amended complaint. An amended complaint replaces previously filed complaints, so a plaintiff cannot simply tack on claims or defendants with separate filings. All of the parties and claims need to be included in

one document. Because Dotson did not comply with the applicable rules in any of his motions to amend his complaint, the Court will deny all of those motions.

Dotson also failed to comply with the applicable rules for supplementing his complaint. Under Federal Rule Civil Procedure 15(d), "on motion and reasonable notice, the Court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after* the date of the pleading to be supplemented." That is, a Court will "permit a supplemental pleading when a party wishes to bring up events occurring subsequent to the original pleading that relate to a claim or defense presented in the original pleading." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 402 (E.D. Wis. 2008). Dotson, however, asks to be allowed to supplement his original complaint with a claim based on an event that occurred prior to when he filed his original complaint. Therefore, he failed to comply with applicable rules. The Court will deny his motion and will move forward with screening his original complaint.

4. **Screening of the Complaint**

    4.1 **Federal Screening Standard**

The law requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by the defendant was acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 4.2   Complaint's Allegations

Dotson alleges that on June 20, 2017, he was physically assaulted after being pulled over to be arrested by police officers from District 2 of the Milwaukee Police Department. He states that this assault was due to the officers becoming irritated because he did "not exit[] the vehicle once they opened the door." (Docket #1 at 3). Dotson asserts that "after 45 minutes of talking 5 or more officers from District 2 who purposely kept their identities unknown tazed, kicked, punched, and choked [him] while he was still in his seat belt." *Id*. at 2. Dotson states that the assault resulted in him suffering a black eye, taser burns, cuff marks, a bruised shoulder, back pain, and post-traumatic stress. *Id*. at 2–3. He alleges that he was taken to the hospital for

his injuries and that he was not charged with resisting arrest. *Id*. at 3. Dotson seeks compensatory and punitive damages.

### 4.3 The Court's Analysis

"An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest" as long as their actions are reasonable under the Fourth Amendment. *Stainback v. Dixon*, 569 F.3d 767, 772 (7th Cir. 2009) (citation omitted). Factors relevant to the reasonableness of that officer's actions include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation omitted). At this stage, the Court finds Dotson has stated a Fourth Amendment claim for excessive use of force against the John Doe defendants.

Dotson, however, names Sergeant Kaltenbrun and Police Officers Aaron Frantal, Vargas-Ramos, and Klarkowski in the caption of his complaint, but he does not state what they did, or what they failed to do, to violate his rights. *See Morfin v. City of E. Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003) (noting that there is no liability under section 1983 unless the defendant is personally involved in the violation of plaintiff's rights). The Court is aware that these defendants may be part of the "5 or more officers from District 2" that participated in the purported harm inflicted on Dotson. However, Dotson must directly state who violated his rights; the Court will not make this assumption on his behalf. Kaltenbrun, Frantal, Vargas-Ramos, and Klarkowski will be dismissed as defendants.

Dotson also names the Milwaukee Police Department District 2 as a defendant. A suit against the police department, as an arm of the City of

Milwaukee, is in reality a suit against the city itself. "Despite the fact that *Monell* allows for municipalities to be held liable under § 1983, it does not allow for liability under § 1983 on a theory of *respondeat superior* or vicarious liability." *Freeman v. City of Milwaukee*, 994 F. Supp. 2d 957, 964 (E.D. Wis. 2014). Dotson's theory of liability against the police department appears to be for vicarious liability. The Court will, therefore, dismiss the Milwaukee Police Department District 2 as a defendant.

Because Dotson does not know the names of any of the police officers he has been allowed to proceed against, the court will add Alfonso Morales, Milwaukee Police Department Chief of Police, as a defendant for the limited purpose of helping Dotson identify the real names of the John Doe defendants. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996).

The Court will order the U.S. Marshals to serve Chief Morales with Dotson's complaint and a copy of this order. Chief Morales does not have to respond to Dotson's complaint. After Chief Morales' attorney files an appearance in this case, Dotson may serve discovery upon Chief Morales (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the real names of the John Doe defendants.

For example, Dotson may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Dotson has not stated a claim against Chief Morales, Dotson's discovery requests must be limited to information or documents that will help him learn the real names of the staff members he is suing. Dotson may not ask Chief Morales about any other topic, and Chief Morales is under no obligation to respond to requests about any other topic.

After Dotson identifies the real names of the John Doe defendants, he must file a motion to substitute the real names for the John Doe placeholders. The Court will dismiss Chief Morales as a defendant once Dotson identifies the real names of the John Doe defendants. Once Dotson identifies the John Doe defendants and they have had an opportunity to respond to Dotson's complaint, the Court will issue a scheduling order setting deadlines for the completion of all other discovery and for filing dispositive motions. Dotson should not start the discovery process for all other discovery until after all of the defendants have been identified, have filed their answer, and the Court has issued a scheduling order.

Dotson must identify the real names of the John Doe defendants by **July 10, 2018**, or file a letter explaining why he is unable to identify them. If Dotson does not do either of these things, the Court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

For these reasons, Dotson's motion to compel the defendants to respond to his discovery requests will be denied as moot.

**5.     Motion to Appoint Counsel**

Lastly, Dotson has moved for the Court to appoint counsel. He asserts that due to his mental illness and his incarceration he is unable to sufficiently litigate this case, which involves complex issues. He states that he lacks the financial resources to secure counsel on his own.

The Court has discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this

threshold burden has been met, the Court must address the following question: given the difficulty of the case, does this plaintiff appear competent to litigate the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654–55 (citing *Farmer v. Hass*, 990 F.2d 319, 322 (7th Cir. 1993)).

As to the first element, Dotson states without supporting documents that he contacted just two law firms in an effort to secure counsel on his own. As to the second element, the Court finds Dotson capable participating in discovery and responding to a dispositive motion. Dotson's filings to date have been easy to understand: his complaint and this motion to appoint counsel has been straightforward and organized. Based on his ability to communicate with the Court, the Court believes he is capable of handling the initial stages of litigation on his own. Dotson's motion for appointment of counsel will, therefore, be denied.

After the defendants have been identified, are served with Dotson's complaint, and have respond to it, the Court will enter a scheduling order setting deadlines for discovery and the filing of dispositive motions. At that point, Dotson may ask the defendants to answer his interrogatories (written questions) and produce any reports, records, or documents that he thinks he needs to prove his claims. Fed. R. Civ. P. 33, 34. If circumstances change or Dotson encounters obstacles that he does not believe he can handle on his own, he may renew his motion and the Court will consider it at that time. The Court also advises Dotson to make a more significant effort to secure counsel on his own—ask at least five attorneys—before seeking the Court's assistance again.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend/correct his complaint (Docket #4, #5, and #14) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement his complaint (Docket #15) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #13) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for discovery (Docket #7) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the Milwaukee Police Department District 2, Sgt. Kaltenbrun, Aaron Frantal, P.O. Vargas-Ramos, and P.O. Klarkowski be and the same are hereby **DISMISSED** as defendants;

**IT IS FURTHER ORDERED** that Chief Alfonso Morales be added as a defendant for the limited purpose of assisting Plaintiff in identifying the real names of the John Doe defendants;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order on defendant Chief Alfonso Morales under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for either the Court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-

service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give Dotson information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that defendant Chief Alfonso Morales need not respond to Plaintiff's complaint. However, he must respond to Plaintiff's discovery requests regarding the identity of the John Doe defendants;

**IT IS FURTHER ORDERED** that Plaintiff identify the real names of the John Doe defendants or file a letter explaining why he is unable to do so by **July 10, 2018**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $292.90 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with his remaining balance, to the receiving institution;

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the parties may not begin all other discovery until after the Court enters a scheduling order setting deadlines for such discovery and dispositive motions;

**IT IS FURTHER ORDERED** that Plaintiff submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties; and

**IT IS FURTHER ORDERED** that this matter be returned to Magistrate Judge David E. Jones for further proceedings.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge